Casiano N. Alforque
P.O. Box 84564
San Diego, Calif. 92138
619-952-6586

FILED

2008 APR -3 PM 2:28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____CNA_____ DEPUTY

United State District Court of California
Southern District Court

| Casiano N. Alforque, | : | Case No. '08 CV 0613 WQH WMc |
| Plaintiff. | : | |
| | : | |
| vs. | : | Complaint |
| | : | |
| Martin County, Texas, | : | |
| Defendants. | : | |

And Now Comes the Plaintiff in the above matter, Casiano N. Alforque, plaintiff resides in the County of San Diego, California. This matter has jurisdiction in the above court under the basis of Diversity as the defendant is located in Martin County, Texas, outside of the State of California, whereby the plaintiff cannot effectively try his case in any other venue.

The Plaintiff alleges the following allegations as the cause of his complaint against the defendant.

Plaintiff was stopped by a Texas state trooper in the year 2005 on his way back to California on state highway 20 inside Martin County. He was told by the trooper that he'd been spotted, about a mile back, swaying back and then forth over the divided highway line, as if to be drunk or falling asleep.

Searching the glove box of the vehicle plaintiff was operating, the trooper discovered a prescription bottle of the drug Lortab, 8 pills of Lortab exactly, and a prescription bottle of Penecillin, an antibiotic, 11 pills in total.

After determining that the drugs were in fact what plaintiffs wife and plaintiff already professed them to be, Lortab and Penicillin, the troopers placed plaintiff under arrest, at that point the plaintiff stated to them that he possessed valid prescriptions for both the Lortab and the Antibiotic, he proceeded to explain that he'd underwent surgery on the left wrist and both drugs were prescribed to him by his physician, they did not investigate the plaintiffs assertions, the troopers didn't even allow plaintiff or plaintiffs wife to go into the trunk to get into their brief case to retrieve the prescription and did not even look to verify, on the prescription bottle, that the prescriptions where in fact prescribed to the plaintiff. Martin County asserts that the charge, possession of controlled substances, are formidable and wish to prosecute plaintiff under evidence which was illegally and unjustifiably obtained and being used against the plaintiff.

A seizure under the Fourth Amendment must be objectively reasonable in light of the particular circumstances of the case. Maryland v. Wilson, 519 U.S. 408, 411 (1997); Terry v. Ohio, 392 U.S. 1, 21-22 (1968). Whether a stop is reasonable depends on "a balance between the public interest and the individual's right to personal security free from arbitrary interference by law enforcement." Wilson, 519 U.S. at 411; Prouse, 440 U.S. at 654-55; United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975). A seizure based on reasonable suspicion or probable cause will generally be reasonable. Whren v. United States, 517 U.S. 806, 818 (1996); Terry, 392 U.S. at 21-23. But, even without reasonable suspicion or probable cause that an offense has been committed, a police officer may reasonably seize an individual through the exercise of his community caretaking function. Wright v. State, 7 S.W.3d at 151-52; see also United States v. King, 990 F.2d 1552, 1560 (10th Cir. 1993);

Court has characterized a police officer's job as encompassing a community caretaking function. Cady v. Dombrowski, 413 U.S. 433, 441 (1973); Wright, 7 S.W.3d at 151. As part of an officer's duty to "serve and protect," an officer "may stop and assist an individual whom a reasonable person, given the totality of the circumstances, would believe is in need of help." Wright, 7 S.W.3d at 151 (emphasis added).

Once it is determined that an officer is primarily motivated by his community caretaking function, it must then be determined whether the officer's belief that the defendant needs help is reasonable. Wright, 7 S.W.3d at 151-52.

"Its apparent, whenever the challenged seizure or search is permitted without probable cause because of the special purpose being served, plaintiff's cause stems from a Fourth Amendment violation, and prepossess to prove this by showing the action was in fact undertaken for some other purpose and thereby plaintiffs rights where violated.

Plaintiff purports that this matter does not go without some irony, he makes this observation. If the troopers had stopped the grandparents of someone and found the same prescription medicine inside the glove box of these grandparents would the troopers have treated them exactly the same way they treated the plaintiff? I would strongly think that it would not have been the case, yet it is almost solely because the plaintiff is African American and is between 20 and 35 that the troopers treated him in the discriminative manner that they did. I fact, the troopers were exhibiting an extreme instance of Racial Profiling which the plaintiff will prove.

Summary:

Plaintiff is requesting that any and all evidence Martin County may possess be suppressed pertaining to this matter which may circumvent the County of Martin in its ability to dismiss any and all of Martins County's pending cases it may have regarding this matter, as pertains to plaintiff, without prejudice immediately. Furthermore, the plaintiff request that the County of Martin be held monetarily accountable to the plaintiff

in the amount of $500,000.00 for loss of income and mental anguish caused by the ramifications of the charges which were falsely brought against him, His loss of wages over the past three years, his insurmountable bills which have accumulated due to his inability to practice his trade, and his loss of his licenses in the field of Real Estate which amount to thousands of dollars in revenues lost over the past two years. *When reviewing a motion to suppress*, we give great deference to a trial court's determination of historical fact. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). *When the trial court does not file findings of fact, we assume that the trial court made implicit findings that support its ruling, so long as those implied findings are supported by the record. State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We will review de novo mixed questions of law and fact that do not turn on the credibility and demeanor of a witness. *Guzman*, 955 S.W.2d at 89. *We examine the evidence in the light most favorable to the trial court's ruling. Ross*, 32 S.W.3d at 855.

Signed,

Casiano N. Alforque,

Plaintiff.

04-03-08

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CASIANO N. AIFORQUE

**DEFENDANTS**
MARTIN COUNTY TEXAS FILED
~~TEXAS STATE TROOPERS~~

(b) County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: MARTIN, TEXAS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE
PO BOX 84564 San Diego CA 92138

Attorneys (If Known): UNKNOWN

08 CV 0613 WQH WMC

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
422 U.S. at 878 BRIGNONE-PONCE-US 18USC41
Brief description of cause:
ARBITRARY GOVERNMENT INTERFERENCE OUTWEIGHED COMMUNITY CARETAKING

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04-3-08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IFP