1  Mark W. McBrayer
   Texas Bar No. 24038036
2  Pro Hac Vice application to be filed
   CRENSHAW, DUPREE & MILAM, L.L.P.
3  P. O. Box 1499
   Lubbock, Texas 79408
4  (806) 762-5281

5  Jeffrey M. Byer
   California State Bar No. 149332.
6  Local Counsel
   SANDLER LASRY LAUBE BYER & VALDEZ, L.L.P.
7  402 West Broadway, Suite 1700
   San Diego, CA 92101
8  (619) 235-5655

9  **ATTORNEYS FOR DEFENDANT MARIN COUNTY, TEXAS**

10            IN THE UNITED STATES DISTRICT COURT

11         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12  CASIANO N. ALFORQUE                | Case No. 3:08-CV-0613-WQH (WMc)
                                       | ECF
13            Plaintiff,
                                       | DEFENDANT'S MEMORANDUM OF
14       v.                            | POINTS AND AUTHORITIES IN
                                       | SUPPORT OF MOTIONS TO DISMISS
15  MARTIN COUNTY, TEXAS,              | AND MOTIONS TO TRANSFER VENUE
16            Defendant.               | JUDGE: WILLIAM Q. HAYES
17                                     | HEARING DATE: AUGUST 25, 2008
                                       | TIME: 11:00 a.m.
18                                     | COURTROOM: 4
                                       | NO ORAL ARGUMENT UNLESS
19                                     | REQUESTED BY THE COURT
20

21

22

23

24

25

26

27

28

C:\

1

2

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iv

I.    Introduction ............................................................................................1

II.   Argument and Authorities.....................................................................2

    A.    Dismissal for lack of personal jurisdiction is proper pursuant to

        Federal Rule of Civil Procedure 12(b)(2) ...............................................2

        1.    The Standard ..............................................................................2

        2.    The County does not have any contacts with California that

            are sufficient to meet the minimum contacts necessary to establish

            either specific or general personal jurisdiction ...............................4

            a.    *No specific jurisdiction* .......................................................4

            b.    *No general jurisdiction* ........................................................6

        3.    Asserting personal jurisdiction over the County would not comport

            with fair play or substantial justice .................................................8

         4.    Asserting personal jurisdiction over the County would violate

            due process...................................................................................9

    B.    Dismissal for failure to state a claim is proper pursuant to Federal Rule

        of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915 ...............................9

        1.    The Standard ..............................................................................10

        2.    Assuming Mr. Alforque's claim is for false arrest,

            no County official participated in his arrest, and such a claim is

            barred by the statute of limitations..............................................11

        3.    Assuming Mr. Alforque's claim is for malicious prosecution,

            he has not pleaded the necessary elements, and such a claim,

            if brought under § 1983, is barred by the doctrine of

            Heck v. Humphrey ......................................................................15

C.  Dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is not proper under 28 U.S.C. § 1391 ............................................18

D.  Transfer of venue to a proper district is proper pursuant to 28 U.S.C. § 1406(a) ............................................................................................19

E.  Transfer of venue for the convenience of the parties is proper pursuant to 28 U.S.C. § 1404(a) ............................................................19

III.  Conclusion. ............................................................................................21

1

## TABLE OF AUTHORITIES

2

<u>**Federal Cases**</u>

Alpha Mech., Heating & Air Conditioning, Inc. v. SEI Group, Inc., 2007 U.S. Dist. LEXIS

2751 (S.D. Cal. 2007) ........................................................................................ 19

Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 107 S. Ct. 1026 (1985) ......................... 8

Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1086 (9th Cir. 2000) .......................... 3

Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955 (2007)............................................ 10

Bretz v. Kelman, 773 F.2d 1026 (9th Cir. 1985)......................................................................... 15

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174 (1985) ................................ 2, 8

Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336 (9th Cir. 1996)...................................................... 9

Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ........................................................................ 10

Campanelli v. Bockrath, 100 F.3d 1476 (9th Cir. 1996) ............................................................... 9

Cervantes v. City of San Diego, 5 F.3d 1273 (9th Cir. 1993) ..................................................... 14

Cheek v. Schwarzenegger, 2007 U.S. Dist. LEXIS 55552 (N.D. Cal. 2007) ............................. 17

Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957).................................................................... 9

Cubbage v. Merchent, 744 F.2d 665 (9th Cir. 1984)................................................................... 4

Decker Coal Co. v. Commonwealth of Edison Co., 805 F.2d 834 (9th Cir. 1986)....................... 20

Denver & R.G.W.R. Co. v. Brotherhood of R.R. Trainmen, 387 U.S. 556,

87 S. Ct. 1746 (1967).................................................................................... 18

Doe v. United States, 58 F.3d 494 (9th Cir.1995) ...................................................................... 10

FDIC v. British American Ins. Co. Ltd., 828 F.2d 1439 (9th Cir. 1987)......................................... 2

Feurtado v. Dunivant, 244 Fed. Appx. 81 (9th Cir. 2007) ......................................................... 13

Gillette v. Delmore, 979 F.2d 1342 (9th Cir. 1992) ...................................................................11

Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co., 284 F.3d 1114 (9th Cir. 2002) ... 3

Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S. Ct. 913 (1962) ................................................... 19

Greenspun v. Del E. Webb Corp., 634 F.2d 1204 (9th Cir. 1980)................................................. 2

Grimmett v. Brown, 75 F3d 506 (9th Cir 1996) ......................................................................... 14

Guerrero v. Gates, 442 F.3d 697 (9th Cir. 2006)....................................................................... 14

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Haddock v. Board of Dental Examiners, 777 F.2d 462 (9th Cir. 1985) | 9 |
| 2 | Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542 (9th Cir. 1990) | 10 |
| 3 | Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 1985) | 20 |
| 4 | Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) | 16 |
| 5 | Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 104 S. Ct. 1868 (1984) | 3 |
| 6 | Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982) | 15 |
| 7 | Jablon v. Dean Witter & Co., 614 F.2d 677 (9th Cir. 1980) | 10 |
| 8 | Johansen v. San Diego Police Dep't, 2007 U.S. Dist. LEXIS 60917 (S.D. Cal. 2007) | 10, 13, 14 |
| 9 | Lopez v. Smith, 203 F.3d. 1122 (9th Cir. 2007) | 10 |
| 10 | Maldonado v. Harris, 370 F.3d 945 (9th Cir. 2004) | 12 |
| 11 | Monell v. Dep't of Social Serv., 436 U.S. 658, 98 S. Ct. 2018 (1978) | 11 |
| 12 | N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578 (9th Cir. 1983) | 9 |
| 13 | Navarro v. Block, 250 F.3d 729 (9th Cir. 2001) | 9 |
| 14 | Omaha Tribe of Neb. v Barnett, 245 F Supp 2d 1049 (D.C. Neb 2003) | 19 |
| 15 | Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267 (9th Cir. 1995) | 5, 6 |
| 16 | Price v. City of San Antonio, 431 F.3d 890 (5th Cir. 2005) | 13 |
| 17 | Rasberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006) | 15 |
| 18 | Roy v. Lampert, 465 F.3d 964 (9th Cir. 2006) | 14 |
| 19 | Santa Maria v. Pacific Bell, 202 F3d 1170 (9th Cir. 2000) | 14 |
| 20 | Sher v. Johnson, 911 F.2d 1357 (9th Cir. 1990) | 3 |
| 21 | Simpson v. Thomas, 528 F.3d 685 (9th Cir. Cal. 2008) | 12 |
| 22 | Sprewell v. Golden State Warriors, 266 F.3d 979 (9th Cir. 2001) | 10 |
| 23 | Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578 (9th Cir. 1983) | 9 |
| 24 | Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163 (9th Cir. 2006) | 3 |
| 25 | TwoRivers v. Lewis, 174 F.3d 987 (9th Cir. 1999) | 12 |
| 26 | Usher v. City of Los Angeles, 828 F.2d 556 (9th Cir. 1987) | 15 |
| 27 | Wallace v. Kato, 549 U.S. 384, ---, 127 S. Ct. 1091 (2007) | 12, 13, 16 |
| 28 | Yahoo! Inc. v. La Ligue Contre Le Racisme, 433 F.3d 1199 (9th Cir. 2006) | 3-6 |

1  Ziegler v. Indian River County, 64 F.3d 470 (9th Cir. 1995) ............................................. 4

2  **State Cases**

3  Kroger Tex. L.P. v. Suberu, 216 S.W.3d 788 (Tex. 2006) ................................................. 16

4  Sagonowsky v. More, 64 Cal. App. 4th 122, 75 Cal. Rptr. 2d 118 (1998) ..................... 16

5  Villa v. Cole, 4 Cal. App. 4th 1327, 6 Cal. Rptr. 2d 644 (1992) ............................ 15, 16

6  **Federal Statutes & Rules**

7  28 U.S.C. § 1391 ...................................................................................................... 9, 18-19

8  28 U.S.C. § 1404(a) ................................................................................................. 1, 19-21

9  28 U.S.C. § 1406(a) .................................................................................................. 1, 19, 21

10  28 U.S.C. § 1915 ........................................................................................................ 1, 9, 10

11  Fed. R. Civ. P. 12(b)(2) ........................................................................................................ 3

12  Fed. R. Civ. P. 12(b)(3) .................................................................................................. 18, 19

13  **State Statutes**

14  Cal. Code Civ. P. § 335.1 .................................................................................................... 13

15  Cal. Code Civ. P. § 340 ....................................................................................................... 13

16  Cal. Code Civ. P. § 410.10 .................................................................................................... 2

17  Tex. Civ. P. & Rem. Code § 16.003 ................................................................................... 13

18

19

20

21

22

23

24

25

26

27

28

COMES NOW Defendant MARTIN COUNTY, TEXAS, and files this its Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2), or alternatively, Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Procedure 12(b)6) and 28 U.S.C. § 1915, or alternatively, Motion to Dismiss for Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, Motion to Transfer Venue to a Proper District Pursuant to 28 U.S.C. § 1406(a), or alternatively, Motion to Transfer Venue for the Convenience of the Parties Pursuant to 28 U.S.C. § 1404(a).

## I.  Introduction

A.     Plaintiff is CASIANO N. ALFORQUE ("Alforque"). He is an individual who resides in San Diego, California. Defendant is MARTIN COUNTY, TEXAS  ("the County").  The County is a political subdivision of the State of Texas.

B.     On April 3, 2008, Alforque sued the County.  In his lawsuit, Alforque alleges that in 2005 he was illegally searched and arrested in Martin County, Texas and charged with possession of a controlled substance.

C.     Service of process was mailed to the County on June 17, 2008.  The County received the  service of process on June 30, 2008.

D.     These motions are filed within twenty (20) days of the date on which the County was served with process in this lawsuit and by the response deadline of July 21, 2008 set by this Court.

E.     The pleadings upon which these motions are based are those in Alforque's Original Complaint filed in this Court on April 3, 2008.  The factual and legal grounds and jurisdictional and venue evidence upon which these motions are based are set forth in Section II below.  The County has not filed an Answer.  As evidence in support of its motions challenging jurisdiction, if necessary to determine that issue, and venue, the County relies upon the following affidavits and exhibits produced in the attached Appendix filed concurrently:

Exhibit A—Documents from the District Clerk's file in the matter of The State of Texas v. Nicholas Alforque Casiano, Cause No. 7871 in the County Court of Martin County, Texas.

Exhibit B—Declaration of James L. McGilvray, Martin County Attorney.

Exhibit C—Declaration of Charles T. Blocker, County Judge for Martin County, Texas.

## II. Argument and Authorities

**A.    Dismissal for lack of personal jurisdiction is proper pursuant to Federal Rule of Civil Procedure 12(b)(2).**

### 1.    The Standard

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a case prior to the filing of an answer where the plaintiff fails to establish personal jurisdiction over the defendant.[1]  To satisfy personal jurisdiction over a nonresident of the forum state, two requirements must be met: (1) the forum state's long-arm statute must permit jurisdiction; and (2) the exercise of the forum state's long-arm statute must not violate the defendant's guarantee of due process under the Fourteenth Amendment.[2]  The California long-arm statute authorizes a federal court to exercise personal jurisdiction over nonresidents to the maximum amount allowed by the Due Process Clause of the Fourteenth Amendment.[3]  Therefore, personal jurisdiction is established whenever the requirements of federal constitutional due process have been satisfied.[4]

To satisfy the due process requirements of the Fourteenth Amendment, a nonresident defendant (1) must have purposefully established "minimum contacts" with the forum state, and (2) the exercise of jurisdiction must comport with fair play and substantial justice.[5]  Minimum contacts

---

[1] Fed. R. Civ. P. 12(b)(2).

[2] *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980).

[3] Cal. Code Civ. P. Ann. § 410.10 (Deering 2006); *see also Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

[4] *FDIC v. British American Ins. Co. Ltd.*, 828 F.2d 1439, 1441 (9th Cir. 1987).

[5] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S. Ct. 2174 (1985).

may be established through contacts sufficient to demonstrate either specific or general jurisdiction.[6] Specific jurisdiction applies to a controversy that is directly related to or that arises out of a defendant's contacts with the forum—in other words, where personal jurisdiction relies on the relationship between the defendant, the forum, <u>and</u> the cause of action.[7]  Such specific jurisdiction is established by the following three-part test: (1) The non-resident defendant must have purposefully directed his activities or have consummated some transaction with the forum or resident thereof; (2) the cause of action must arise out of or result from the defendant's forum-related activity; and (3) the forum's exercise of personal jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.[8]

Alternatively, general jurisdiction applies where a defendant maintains substantial, continuous and systematic contacts with the forum state that are <u>unrelated</u> to the plaintiff's cause of action and that approximate physical presence.[9]  It is not enough that a defendant simply has contacts <u>with</u> individuals in the forum state, but the defendant must actually be doing some form of business <u>in</u> the state.[10]  A court evaluating general jurisdiction should consider such factors as "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."[11]

---

[6] *See Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S. Ct. 1868 (1984); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

[7] *See Helicopteros*, 466 U.S. at 414-16 and n.8.

[8] *See Yahoo! Inc.*, 433 F.3d at 1205-06. The first factor cited in this test is limited to the "purposeful direction" formulation of that factor as is appropriate to tort actions rather than to contract actions, as noted by the court in *Yahoo! Inc.* This is the test applicable to Mr. Alforque's claims.

[9] *See Helicopteros*, 466 U.S. at 414-16 and n.9; *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1086, 1087 (9th Cir. 2000).

[10] *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*, 284 F.3d 1114 (9th Cir. 2002).

[11] *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006).

3

In response to a nonresident defendant's challenge to jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists.[12]

**2.      The County does not have any contacts with California that are sufficient to meet the minimum contacts necessary to establish either specific or general personal jurisdiction.**

*a.      No specific jurisdiction*

Mr. Alforque has not alleged any facts that would make a *prima facie* case for personal jurisdiction over the County. As an initial matter, to establish personal jurisdiction over the County, Mr. Alforque would have to establish that some County official took some action related to his allegedly false arrest and that charges were falsely initiated against him[13] by a County official pursuant to some policy or custom of the County.[14]  Nothing in his pleadings suggests that either is the case. If fact, Mr. Alforque alleges that he was arrested by a "Texas state trooper", who is an officer of the Texas Department of Public Safety. The Texas State Trooper, or Texas Highway Patrol officer, who searched and arrested Mr. Alforque was not an officer of the County, and there is no evidence to suggest that any County official participated in the search and arrest of Mr. Alforque.[15]

In any event, in analyzing the first, or "purposefully directed", factor for determining "minimum contacts", a court should employ the "effects" test, which requires a plaintiff to establish that the defendant:  (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.[16]  This test

---

[12] *See Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984).

[13] These are the two allegations that the County addresses below as being possible claims based on the allegations in Mr. Alforque's pleadings.

[14] *See Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995).

[15] App. at p. 65, ¶ 4.

[16] *See Yahoo! Inc.*, 433 F.3d at 1206.

4

"focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum."[17]  The "intentional acts" alleged by Mr. Alforque include his arrest while he was travelling through Martin County, Texas, and the initiation of criminal charges against him while he was in Martin County, Texas.  It is clear that Mr. Alforque's arrest and the initiation of criminal charges against him does not bear any relation to California.  Neither of these actions were directed against Mr. Alforque while he was anywhere other than in Martin County, Texas.  Other than filing of charges against Mr. Alforque, the County has no other significant relationship with him.[18]  The fact that Mr. Alforque's home forum is there, and that he returned there after his arrest, is insufficient to establish minimum contacts on the part of the County with California.[19]  No aspect of the parties' course of dealings with each other is related to California other than the fact that some aspects of the County's dealings with Mr. Alforque have been carried out in the form of correspondence addressed to him or persons representing him while he was in California.[20]  However, correspondence to the forum state is not sufficient to establish personal jurisdiction over the sender of the letter.[21]

Even were Mr. Alforque's possible allegations of false arrest and malicious prosecution true, as they must be presumed for purposes of this Motion to Dismiss, all the harm that the County would know was likely to be suffered by him was also in while he was in Texas.  According to Mr. Alforque's own pleadings, he was subjected to a search and arrest here.  He was subjected to the initiation of criminal charges here.  Indeed, as long as he is in California and does not return to Texas, Mr. Alforque is beyond the reach of the County to subject him to any penalty or punishment

[17] *Id.*

[18] App. at p. 35, ¶ 6.

[19] *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (a defendant cannot "be haled into a jurisdiction solely as a result of . . . the unilateral activity of another party").

[20] App. at pp. 2-33.

[21] *See Yahoo! Inc.*, 433 F.3d at 1208.

5

based on his arrest or the charges filed against him for violating Texas' criminal law. Further, the fact that the "ramifications of the charges which were falsely brought against him" allegedly include "loss of wages", "insurmountable bills" and "loss of licenses in the field of Real Estate", even if true, does not establish a "harm" that was "caused" by the County's actions. These are the actions of other parties, or they are "ramifications" that are too attenuated to establish jurisdiction over the County.[22]

Plainly, the facts do not show that this lawsuit arose out of any contacts or activity that the County purposefully directed toward the forum State of California. To the contrary, it arose out of activity that occurred solely in Texas. None of the County's officials, employees, agents or representatives purposefully availed the County of the privilege of doing any official business in the State of California or invoked the benefits and protection of its laws, nor could any of those activities have led the County to reasonably expect to be haled into court in California. Consequently, no basis exists for this Court's exercise of specific personal jurisdiction over the County in this lawsuit.

### b.    *No general jurisdiction*

General personal jurisdiction over the County does not exist because the County does not have the substantial, continuous and systematic contacts with the forum State of California, unrelated to Mr. Alforque's cause of action, that are necessary to establish such jurisdiction. The County is a political subdivision of the State of Texas, formed under the laws of that State, with its office and principal place of business in Stanton, Martin County, Texas; all offices are maintained solely within the territorial limits of the County.[23] The County does not have any office or other facility in California, and it does not have any officials, employees, agents, or representatives who

---

[22] *See Omeluk*, 52 F.3d at 270 ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . 'attenuated' contacts").

[23] App. at p. 65, ¶ 6.

work, reside, or maintain offices in California, such as would constitute a physical presence there.[24] The County does not employ any personnel there.[25] It is not licensed to conduct, and it does not conduct, any business, official or otherwise, in California, and it does not have any contracts with any California companies.[26] Instead, the County's activities are solely directed to the safety, health, welfare and other public interests of its those persons who reside within its jurisdiction, and any contact the County might have with California is only incidental to those activities related to its residents' interests.[27]

The County does not own, control, manage or otherwise have any economically beneficial interests in any entity located in California.[28] The County has not been subject to or paid any taxes in California.[29] The County does not appear in or conduct official business activities in California on any basis, regular, routine or otherwise, for any reason.[30] The County does not maintain any bank accounts, investments or funds in California.[31] The County does not advertise in California.[32] Clearly, the County has no substantial, continuous and systematic official business ties with the forum state of California that could lead it reasonably to expect to be haled into court in California. Consequently, no basis exists for this Court's exercise of general personal jurisdiction over the County in this lawsuit.

---

[24] App. at p. 65, ¶ 7.

[25] App. at p. 65, ¶ 7.

[26] App. at p. 65, ¶ 8.

[27] App. at p. 65, ¶ 9.

[28] App. at p. 65, ¶ 10.

[29] App. at p. 65, ¶ 11.

[30] App. at p. 65, ¶ 12.

[31] App. at p. 65, ¶ 12.

[32] App. at p. 65, ¶ 13.

3.     **Asserting personal jurisdiction over the County would not comport with fair play or substantial justice.**

Even were the Court to determine that the County had sufficient related or unrelated minimum contacts with the forum state of California, it still must consider whether the "fairness" prong of the jurisdictional inquiry is satisfied.[33]  In determining whether the assertion of personal jurisdiction would comport with "fair play and substantial justice", a court should evaluate, as appropriate, (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.[34]

Clearly, the County will bear a substantial burden of litigating this matter if it is forced to defend itself in California.  As established above, the County does not have an office in California, nor does it have any officials, employees, agents or representative who reside or work in California.  Further, in balancing the potential interests of the states of California and Texas, this Court's assumption of personal jurisdiction over the County would serve no real interest of the State of California.  The only connection California has to this case is that it is the state where Mr. Alforque resides.  In any event, to the extent Mr. Alforque's claims are based on federal law, he can obtain essentially the same relief in Texas as he can obtain in California,  Furthermore, the proper forum in which Mr. Alforque should litigate the request for suppression of evidence obtained in the search incident to his arrest, which he makes in his pleading, is in Texas State court in the trial on the charges against him for possession of a controlled substance.  This Court's assumption of personal jurisdiction over the County in this civil lawsuit will not further any substantive social policies of the

---

[33] *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105, 107 S. Ct. 1026, 1033 (1985).
[34] *Burger King*, 471 U.S. at 476-77, 105 S. Ct. 2174.

8

State of California.  On the other hand, the State of Texas has a substantial interest in the outcome of this lawsuit, as the arrest and filing of charges took place in Texas, and the charges against Mr. Alforque are still pending in Texas.[35]

### 4.   Asserting personal jurisdiction over the County would violate due process.

For the reasons stated above, this Court's assumption of jurisdiction over the County would violate the County's due process rights guaranteed under the Fourteenth Amendment of the Constitution of the United States.

### B.   Dismissal for failure to state a claim is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915.

### 1.   The Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.[36]  A court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[37]  Dismissal for failure to state a claim upon which relief can be granted is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation.[38]  In deciding a motion to dismiss for failure to state a claim, a court should generally limit its review to the pleadings.[39]  A court must accept all well-pleaded factual allegations in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.[40]

---

[35] App. at p. 35, ¶ 4.

[36] Fed. R. Civ. Proc. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).

[37] *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); *see also Haddock v. Board of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

[38] *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

[39] *See Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

[40] *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

1       In spite of the deference a court is bound to pay to a plaintiff's allegations, a court may not

2 "supply essential elements of the claim that were not initially pled."[41]  Instead, a plaintiff must plead

3 sufficient facts that, if true, "raise a right to relief above the speculative level."[42]  Furthermore, a

4 court is not required to credit conclusory legal allegations cast in the form of factual allegations,

5 unwarranted deductions of fact, or unreasonable inferences.[43]  If a court finds that a complaint fails

6 to state a claim, it should grant leave to amend unless it determines that the pleading could not

7 possibly be cured by the allegation of other facts.[44]

8

9       As a general matter, a court may not consider any material beyond the pleadings in deciding

10 a Rule 12(b)(6) motion.[45]  If a court considers matters outside of the pleadings, it must treat the

11 motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil

12 Procedure "and all parties shall be given reasonable opportunity to present all material made

13 pertinent to such motion by Rule 56."[46]

14

15       Further, the Court can also dismiss this lawsuit for failure to state a claim on its own motion,

16 independently of a party's motion to do so, and without waiting for a plaintiff to respond or

17 permitting him to replead.[47]  This ability is not limited to suits brought by prisoners.[48]

[41] *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[42] *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964 (2007).

[43] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

[44] *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995).

[45] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

[46] *See* Fed. R. Civ. P. 12(b)(6); *see also Hal Roach Studios, Inc.*, 896 F.2d at 1555 n.19.

[47] 28 U.S.C. § 1915(e)(2)(ii); *see also Johansen v. San Diego Police Dep't*, No. 07cv1601-LAB (LSP), 2007 U.S. Dist. LEXIS 60917, *2 (S.D. Cal. Aug. 19, 2007); *see also Lopez v. Smith*, 203 F.3d. 1122, 1127 (9th Cir. 2007 (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

[48] *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Mr. Alforque's pleadings are not clear whether he has limited his claim to just state law torts or whether he intends to claim violation of his federal rights under § 1983. The fact that he has only claimed diversity as the jurisdictional basis for bringing his case in federal court would seem to imply the former. However, his reference to his rights under the Fourth Amendment would seem to imply the latter, even though he has neither specifically referred to § 1983 nor claimed federal question jurisdiction. The County's Motion to Dismiss, therefore, will address Mr. Alforque's pleadings in light of either possibility as it is necessary to do so.[49]

**2.    Assuming Mr. Alforque's claim is for false arrest, no County official participated in his arrest, and such a claim is barred by the statute of limitations.**

To state a claim for false arrest against the County under § 1983, Mr. Alforque must have alleged facts from which it may be shown or inferred that: (1) that a County employee committed the alleged false arrest under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the County; and (2) that the individual who committed the false arrest was either an official with final policy-making authority for the County or was a subordinate whose false arrest and the basis for it was ratified by a County official with final policy-making authority.[50] Absent any involvement in his arrest by some officer or employee of the County and any way to show that a County policy or custom was behind his arrest, the County cannot be liable to Mr. Alforque for his allegation of false arrest. As established above, Mr. Alforque alleges he was arrested by a "Texas state trooper", who is an officer of the Texas Department of Public Safety. He makes no allegation that any County officer or employ had anything to do with the search and arrest of which he complains. Mr. Alforque simply cannot establish the County's

---

[49] Mr. Alforque's request that this Court suppress evidence in his pending criminal trial in Texas is not addressed in this Motion in response to his civil lawsuit, as this matter only relates to his criminal trial.

[50] See Monell v. Dep't of Social Serv., 436 U.S. 658, 691, 98 S. Ct. 2018 (1978); Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

1  liability for false arrest based on his allegations.

2      Furthermore, Mr. Alforque's false arrest claim can be dismissed for failure to state a claim

3  based on the running of the statute of limitations period if the running of the statute is apparent on

4  the face of his Complaint.[51]  Dismissal on statute of limitations grounds can be granted pursuant to

5
   Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not
6
7  permit the plaintiff to prove that the statute was tolled."[52]  In determining the proper statute of

8  limitations for actions brought under § 1983, federal courts look to the statute of limitations for

9  personal injury actions in the forum state.[53]  Federal law, however, determines when a § 1983 claim

10  accrues.[54]  A claim accrues under federal law when a plaintiff knows or has reason to know of the

11  injury which is the basis of his cause of action.[55]

12
       Mr. Alforque's factual allegations, that he was stopped and placed under arrest by a "Texas
13
14  state trooper" and that his arrest was based on "racial profiling", together with his references to

15  seizure in violation of the Fourth Amendment and that evidence against him was illegally obtained,

16  makes his claim sound in 42 U.S.C. § 1983 for unreasonable search and/or seizure, i.e., for false

17  arrest.  A § 1983 claim based on false arrest in violation of the Fourth (and Fourteenth) Amendment

18  would have accrued at the time Mr. Alforque alleges he was wrongfully arrested.[56]  Mr. Alforque's

19

20

21  [51] *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (affirming dismissal of
    federal securities claim because allegations of complaint established affirmative defense of statute of
22  limitations).

23  [52] *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal quotations omitted).

    [53] *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  Because federal courts look to state
24  law for statutes of limitations, the result would be the same were he only to be raising a state law tort
    claim against the County for false arrest.  It is therefore not necessary to address a possible state law
25  tort claim for false arrest separately.

26  [54] *See Maldonado*, 370 F.3d at 955.

27  [55] *See Maldonado* at *id.*

28  [56] *See Wallace v. Kato*, 549 U.S. 384, ---, 127 S. Ct. 1091, 1095 (2007); *Simpson v. Thomas*, 528
    F.3d 685 (9th Cir. Cal. 2008).

Complaint plainly alleges on its face that he was stopped and arrested in 2005 and charged with possession of a controlled substance, and it further alleges that he made the arresting officer aware that the drugs were validly in his possession at the time of his arrest.[57] This then is when Mr. Alforque would have been aware of the injury that would be the basis of any false arrest claim and when, therefore, such a claim would have accrued.

Furthermore, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."[58] Assuming, for purposes of this Motion to Dismiss Pursuant to Rule 12(b)(6) only, that California is the forum state, either a one-year or a two-year statute of limitations applies to Mr. Alforque's § 1983 claims.[59] Because he did not file his Complaint until April 3, 2008, Mr. Alforque's § 1983 claim is time-barred. So too is any state law tort claim for false arrest.

In addition, nothing in Mr. Alforque's Complaint would suggest that any equitable tolling provision would apply to the statute of limitations applicable to his claims. In § 1983 cases, a

---

[57] Pl.'s Orig. Compl. at pp. 1, 2.

[58] *See Wallace v. Kato,* 549 U.S. 384, ---, 127 S. Ct. 1091, 1095 (2007); *see also Feurtado v. Dunivant,* 244 Fed. Appx. 81, 82 (9th Cir. 2007) (citing to *Wallace* and stating that false arrest claims "accrue once legal process is initiated").

[59] *See Johansen v. San Diego Police Dep't,* No. 07cv1601-LAB-LSP, 2007 U.S. Dist. LEXIS 60917, * 8 (S.D. Cal. Aug. 19, 2007) (applying Cal. Code Civ. P. Ann. § 335.1 (Deering 2005) (two years for claims of personal injury), and § 340(c) (Deering 2005) (one year for claims of false imprisonment) to plaintiff's § 1983 claims). In any event, even were Texas considered to be the forum state, the statute of limitations would be two years for false arrest. *See Price v. City of San Antonio,* 431 F.3d 890, 892 (5th Cir. 2005) (applying two-year limitations period under Tex. Civ. P. & Rem. Code Ann, § 16.003 (Vernon 2005) to plaintiff's § 1983 claim for false arrest and malicious prosecution).

13

1  federal court applies the forum state's equitable tolling rules as long as those rules are not

2  inconsistent with federal law.[60]    Assuming again, for purposes of this Motion to Dismiss only, that

3  California is the forum state, then the "sole issue" this Court must determine on this Motion to

4  Dismiss based on limitations is "whether the complaint, liberally construed in light of [the Court's]

5  'notice pleading' system, adequately alleges facts showing  the potential applicability of the

6  equitable tolling doctrine."[61]   In other words, equitable tolling requires Mr. Alforque to "plead and

7  prove that he had neither actual nor constructive knowledge of the facts constituting [his] cause of

8  action despite [his] due diligence."[62]    Mr. Alforque's facts would have to suggest that "despite all

9  due diligence, [he was] unable to obtain vital information bearing on the existence of his claim."[63]

10  "If a reasonable plaintiff would not have known of the existence of a possible claim within the

11  limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit

12  until the plaintiff can gather what information he needs."[64]

13  
14  

15      No matter how liberally his Complaint might be construed as a pro se plaintiff, Mr. Alforque

16  has not pleaded any facts that would suggest the applicability of equitable tolling to his cause of

17  action.    In addition, Mr. Alforque has not pleaded that he was a prisoner with "extraordinary

18  circumstances" beyond his control that made it "impossible to file a petition on time."[65]  Besides,

19  any ignorance of the law on his part in knowing how to calculate the tolling periods is not an

20  
21  
22  

23  [60] *See Guerrero v. Gates*, 442 F.3d 697, 706 n.34 (9th Cir. 2006).

24  [61] *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) (emphasis in original).

25  [62] *Grimmett v. Brown*, 75 F3d 506, 514 (9th Cir 1996) (internal quotations omitted); *see also Johansen*, 2007 U.S. Dist. LEXIS 60917 at * 8 ("Plaintiff has pleaded no facts suggesting that

26  tolling or laches should apply").

27  [63] *Santa Maria v. Pacific Bell*, 202 F3d 1170, 1178 (9th Cir. 2000).

   [64] *Id.*

28  [65] *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).

14

1  "extraordinary circumstance" justifying equitable tolling.[66]  Nothing in Mr. Alforque's pleading

2  suggests that equitable tolling should apply to his case against the County.

3      **3.  Assuming Mr. Alforque's claim is for malicious prosecution, he has not pleaded**

4          **the necessary elements, and such a claim, if brought under § 1983, is barred by**

5          **the doctrine of *Heck v. Humphrey*.**

6      The Supreme Court has never determined whether a claim for malicious prosecution is

7  cognizable under § 1983, much less how such a claim would proceed.[67]  Mr. Alforque has not

8  specifically pleaded such a claim in so many words; however, the general rule in the Ninth Circuit is

9  that "a malicious prosecution claim is not cognizable under § 1983 if process is available in the state

10  judicial system to provide a remedy."[68]  Of course, the application of that rule in this case is

11

12  complicated by the fact that Mr. Alforque's arrest occurred in Texas, which does not fall within of

13  the Ninth Circuit.  Assuming, for purposes of this Motion to Dismiss only, however, that both Ninth

14  Circuit rules and Texas law would generally not recognize a malicious prosecution claim by Mr.

15  Alforque under § 1983, "an exception exists to the general rule when a malicious prosecution is

16  conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended

17  to subject a person to a denial of constitutional rights."[69]  Nevertheless, a malicious prosecution

18  claim brought by Mr. Alforque, under either § 1983 or purely as a tort claim under state law, would

19

20  have to be based on state law elements.[70]

21      Therefore, even should Mr. Alforque be attempting to state a claim for malicious

22  prosecution, under California law he is required to plead and prove that there was a prior proceeding

23

24  _____

25  [66] *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

26  [67] *See Wallace*, 127 S. Ct. at 1096, n.2.

27  [68] *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

    [69] *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc).

28  [70] *See Usher*, 828 F.2d at 562.

1   commenced by or at the direction of the County that was: (1) pursued to a legal termination

2   favorable to him; (2) brought without probable cause; and (3) initiated with malice.[71] He is required

3   to plead and prove essentially the same elements under Texas law.[72] Mr. Alforque's Complaint does

4   not allege any facts from which it may be inferred, even on a liberal reading of his Complaint, that

5   the charges against him were pursued to a termination favorable to him.  Indeed, his pleadings

6   indicate just the opposite when he refers to "Martin County's pending cases" against him and the

7   fact that Martin County "wish[es] to prosecute plaintiff under evidence which was illegally and

8   unjustifiably obtained and being used against the plaintiff."[73]  In any event, for purposes of this

9   Motion to Dismiss, this Court should not assume Mr. Alforque could prove a favorable termination

10  when he has not even alleged such, and any state law claim for malicious prosecution he might be

11  attempting to make would fail.

12

13       Furthermore, to the extent Mr. Alforque might be bringing a malicious prosecution claim

14  under § 1983, such a claim should be dismissed under the rule established in the case of *Heck v.*

15  *Humphrey.*  In that case, the Supreme Court held that a plaintiff cannot bring a § 1983 action for

16  damages for a wrongful conviction, or for any other harm caused by actions that, if unlawful, would

17  render a conviction or sentence invalid, or even imply that it was invalid, unless that conviction or

18  sentence already has been overturned, set aside, or otherwise determined to be wrong.[74]  Although

19

20

21  ---

[71] *See Villa v. Cole,* 4 Cal. App. 4th 1327, 1335, 6 Cal. Rptr. 2d 644 (1992); *Sagonowsky v. More,*
64 Cal. App. 4th 122, 128, 75 Cal. Rptr. 2d 118 (1998) ("It is hornbook law that the plaintiff in a
malicious prosecution action must plead and prove that the prior judicial proceeding of which he
complains terminated in his favor.

[72] *See Kroger Tex. L.P. v. Suberu,* 216 S.W.3d 788, 792 & n. 3 (Tex. 2006) (setting out the elements
as: (1) a criminal prosecution was commenced against the plaintiff; (2) the Defendant initiated or
procured the prosecution; (3) the prosecution was terminated in the plaintiff's favor; (4) the plaintiff
was innocent of the charge; (5) the defendant did not have probable cause to initiate or procure the
prosecution; (6) the defendant acted with malice; and (7) the plaintiff suffered damages as a result of
the prosecution).

[73] Pl.'s Orig. Compl. at p. 3 ("Summary") and p. 2.

[74] *See Heck v. Humphrey,* 512 U.S. 477, 786-87, 114 S. Ct. 2364 (1994).

16

1    *Heck v. Humphrey* is only applicable if there has been a criminal conviction, nevertheless, a civil

2    action for damages arising from a criminal conviction, assuming there was one, is not cognizable

3    under § 1983 unless Mr. Alforque has pleaded facts that, if proved, would establish that the criminal

4    conviction has been successfully attacked.[75]    He has not done so, and his cause of action should be

5    dismissed for failure to state a claim.

6

7         The County would argue that, on the face of Mr. Alforque's pleadings alone, he has not

8    pleaded the facts necessary to state a claim for malicious prosecution, should he even be attempting

9    to make such a claim.   There is therefore no need to present any matters to this Court outside the

10   pleadings in order for it to dispose of this issue.   However, the fact is that there has not been a

11   termination of the legal proceedings instituted against Mr. Alforque, favorable or otherwise.   As

12   shown by the evidence in the Appendix filed in support of this Memorandum, an arrest warrant has

13   been issued for Mr. Alforque as a result of his having failed to appear for trial on his arrest.[76]   The

14   County would request the Court to not consider this evidence if it is unnecessary to do so to dispose

15   of any malicious prosecution claim it might infer from Mr. Alforque's pleadings.   However, if Mr.

16   Alforque's pleadings alone are not sufficient to dispose of this issue, then the County would request

17   the Court to treat this Motion as one for summary judgment under Rule 56 and dispose of this issue

18   as appropriate under that Rule.

19

---

[75] *See Cheek v. Schwarzenegger*, No. C 07-1674 MHP, 2007 U.S. Dist. LEXIS 55552, *2-3 (N.D. Cal. July 24, 2007).

[76] App. at p. 64, ¶ 5; pp. 68-71.

**C.     Dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is not proper under 28 U.S.C. § 1391.**

If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection.[77]    Venue is properly established under one of two provisions relevant to this lawsuit: (1) in a judicial district where the defendant resides; or (2) in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.[78]    Venue where the plaintiff resides is not one of those provisions.    Venue is clearly not proper under the second provision, based on the factual allegations in Mr. Alforque's Complaint, as he only alleges that he was stopped and arrested "inside Martin County" and that Martin County has charged him with possession of a controlled substance.[79]    These actions occurred solely within Martin County in the State of Texas. Mr. Alforque's choice to bring suit in the Southern District of California does not rest on any event that occurred, in whole or in part, in California, permitting him to make venue proper in this Court.

Furthermore, as for the first provision, a defendant that is an unincorporated association is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.[80]    Although the County is not aware of any case law deciding the issue of whether a county is considered to be an "unincorporated association" under §1391, to the extent the County is considered to be such, it is not subject to the personal jurisdiction of this Court, as has been established above in the County's Motion to Dismiss for Lack of Personal Jurisdiction, so it

---

[77] Fed. R. Civ. P. 12(b)(3).

[78] 28 U.S.C. § 1391(a)(1) and (2) (for single defendants in diversity actions); 28 U.S.C. § 1391(b) (1) and (2) (for single defendant's in non-diversity actions).

[79] Pl.'s Orig. Compl. at pp. 1, 2.

[80] 28 U.S.C. § 1391(c); *see, e.g., Denver & R.G.W.R. Co. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 562, 87 S. Ct. 1746, 1750 (1967) (extending § 1391(c) to include unincorporated associations although statute refers to "defendant that is a corporation").

1   cannot be found to "reside" in the Southern District of California and dismissal for improper venue

2   under Rule 12(b)(3) is appropriate.[81]

3   **D.    Transfer of venue to a proper district is proper pursuant to 28 U.S.C. § 1406(a).**

4           As an alternative to dismissal, a court lacking personal jurisdiction may, in the interest of

5   justice, transfer a case to a court that has such jurisdiction and where venue is therefore proper, i.e.,

6   where the action could have been brought under § 1391.[82]  As argued above, all of the actions of the

7   County that were directed against Mr. Alforque occurred in Martin County in Texas.  Further, the

8   County is subject to personal jurisdiction in Texas but not in California.  Therefore, to the extent it is

9   considered to be an unincorporated association and for the purposes of venue, the County is a

10  "resident" of Texas and not California.  Accordingly, venue is proper in the appropriate federal court

11  Texas, pursuant to 28 U.S.C. § 1391(a) and (c), and this Court may transfer this case to a court of

12  proper venue in Texas pursuant 28 U.S.C. § 1406(a) rather than dismiss this case, in the interest of

13
    justice.  The County would argue that it has sufficient contacts, or alternatively, the most significant
14
    contacts, with the United States District Court for the Western District of Texas, Midland Division,
15
16  making that the proper venue, under § 1391(c), to which this Court should transfer this case.

17

18  **E.    Transfer of venue for the convenience of the parties is proper pursuant to 28 U.S.C.**

19         **§ 1404(a).**

20          Finally, should the Court determine that it has personal jurisdiction over the County and that

21  venue is proper in this Court, the County would request the Court to transfer venue of this case to

22  United States District Court for the Western District of Texas, Midland Division, pursuant to 28

23

24  _____

25  [81] *Compare Omaha Tribe of Neb. v Barnett*, 245 F Supp 2d 1049, 1056 (DC Neb 2003) (determining
    that plaintiff failed to establish that forum state could exercise personal jurisdiction, pursuant to
26  plaintiff's state long-arm statute, over defendants who were attorneys general of three neighboring
    states, and dismissing under Fed. R. Civ. P. 12(b)(3) for improper venue).

27  [82] 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S. Ct. 913, 916 (1962);
28  *Alpha Mech., Heating & Air Conditioning, Inc. v. SEI Group, Inc.*, No. 06cv1232-LAB-NLS, 2007
    U.S. Dist. LEXIS 2751, *6 (S.D. Cal. Jan. 3, 2007).

U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[83]   In ruling on a motion to transfer venue under § 1404(a), a court should consider private and public interest factors.[84]   Private factors to be considered include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling; (3) the cost of obtaining attendance of willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[85]   Public factors to be considered include: (5) the local interest in having localized controversies decided at home; (6) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (7) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (8) the unfairness of burdening citizens in an unrelated forum with jury duty.[86]

The present forum is inconvenient because the Texas State Trooper who arrested Mr. Alforque and the County officials who initiated legal process against him all reside in Martin County, Texas and are subject to process of the United States Court for the Western District of Texas.  The cost and difficulty of obtaining their testimony will both be less in the Western District of Texas than before this Court.  Further, the documents related to the actions taken against Mr. Alforque of which he complains are all located in Martin County, Texas, and the location of all the events of which Mr. Alforque complains occurred in the Western District of Texas.

In addition, to the extent that Mr. Alforque's claims against the County are to be determined by Texas law, the United States District Court for the Western District of Texas may be presumed to be more familiar with Texas law.  That court is best situated to adjudicate this matter.  Also, because

---

[83] 28 U.S.C. § 1404(a); *see also, generally, Hatch v. Reliance Ins. Co.*, 758 F.2d 409 (9th Cir. 1985).

[84] *See Decker Coal Co. v. Commonwealth of Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

[85] *See id.*

[86] *See id.*

Mr. Alforque has demanded a jury trial, jurors in the Western District of Texas will have a greater connection to this litigation, as it arose from the conduct of parties while in that District and has the greatest impact on the interests of justice related to their public concerns. All of these factors together, when evaluated in light of the fact that the County has no connection to California whatsoever other than that it is where it has served process on Mr. Alforque, outweigh Mr. Alforque's right to choose venue in this Court, even were this Court a court of proper venue, and support the County's request that this case be transferred to the United States District Court for the Western District of Texas for the convenience of the parties.

### III. Conclusion

For the reasons set forth above, Plaintiff has not established personal jurisdiction over Defendant MARTIN COUNTY, TEXAS and venue is not proper in the Southern District of California, Lubbock Division. Therefore, Defendant hereby requests this Court to grant its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2), or alternatively, its Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6); or alternatively, it Motion to Dismiss for Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(3). Furthermore, because it is impossible for Plaintiff, Mr. Alforque, to cure the defects in his pleadings, his lawsuit should be dismissed with prejudice.

In the alternative, Defendant requests this Court to grant its Motion to Transfer Venue to a Proper District Pursuant to 28 U.S.C. § 1406(a), or alternatively, its Motion to Transfer Venue for the Convenience of the Parties Pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

Dated:    July 21, 2008

CRENSHAW, DUPREE & MILAM, L.L.P.

By:    s/ Mark W. McBrayer, by consent
**Attorneys** for Defendant
MARTIN COUNTY, TEXAS

21

1  Dated:    July 21, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**

By:      s/ Jeffrey M. Byer
Jeffrey M. Byer
Attorneys for Defendant
MARTIN COUNTY, TEXAS