1  Casiano N. Alforque
   Pro Per Litigant
2  P.O. Box 84564
   San Diego, California 92138
3  619-408-9932

4  Jeffrey M. Byer
   California State Bar No. 149332
5  Local Counsel
   SANDLER, LASRY, LAUE, BYER & VALDEZ, L.L.P.
6  402 W. Broadway, Suite 1700
   San Diego, CA 92101
7  619-235-5655

FILED
08 JUL 31 PM 12:29
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

NUNC PRO TUNC
JUL 2 8 2008

8
                THE UNITED STATES DISTRICT COURT
9               THE SOUTHERN DISTRICT OF CALIFORNIA

10
   CASIANO N. ALFORQUE,              : CASE NO.# '08 CV 0613 WQH WMc
11         Plaintiff.                 :
                                      :
12   vs.                              : RESPONSE TO MOTION FOR DIS-
                                      : MISSAL OR CHANGE OF VENUE;
13 MARTIN COUNTY, TEXAS,              : MOTION FOR DEFAULT JUDGE-
           Defendant.                 : MENT; ORDER FOR DEFAULT
14 _____    : JUDGEMENT

15                            JUDGE: WILLIAM Q. HAYES
                              HEARING DATE: AUGUST 25, 2008
16                            TIME: 11:00 AM
                              COURTROOM: 4
17                            PLAINTIFF MAKES REQUEST FOR
                              ORAL ARGUMENT AND WISHES TO
18                            BE PRESENT AT TIME OF HEARING

19     The plaintiff, Casiano N. Alforque, brings forth the following answer and

20 response to the defendants Motions to Dismiss and or Change Venue of

21 plaintiffs above entitled action brought before this court, Casiano N. Alforque

22 vs. Martin County, Texas.

1

1   The plaintiff Discrimination suit purporting violation of Civil Rights, as in
2 one notable instance pertaining to this case, Title 42, chapter 21, Subchapter
3 I-A, section 1997 g, stems from the following causes of action, i.e., the violation
4 of plaintiffs fourth amendment rights and in so stems from the state of Texas
5 laws governing "Community Caretaking Functions."
6
**7 Searching for a "Needle in a Haystack"**
8   The plaintiff makes it apparent to the court that the defendants in this
9 matter, by introducing a myriad of possible causes which could invariably relate
10 to plaintiffs complaint, (i.e. false arrest, malicious prosecution, violations of
11 due process, etc.) the defendants are attempting to accomplish two things
12  herein. First, the defendant is attempting a sway the plaintiff and the court
13 away from the initial cause putting this complaint into affect. Secondly, the
14 defendant is literally assisting the plaintiff in his case, as all the issues of
15 which the defendant introduces as possible causes of action, in truth and fact,
16 did occur in this case, and are "means which justify the plaintiffs end."
17
18   The defendant, in so doing, searching for "a needle in a haystack," has in
19 essence given a true depiction of the events as they have unfolded over the
20 years, as the plaintiff will introduce in his opening brief to the court. In fact, the
21 defendant's introduction of the false arrest, the malicious prosecution, the due
22 process violations, the desire to change venue, so as to continue the havoc of
23 which the defendant has ensued onto the plaintiff, are summated in the

1 "Cause and Affect" theory. These causes introduced by the defendant, are the

2 plaintiffs "Affect" of filing the complaint in the proper venue, the United States

3 Federal District Court of Southern California.

4

5 **"My Life is Valuable to Myself and Other"**

6       "Venue," the defendant in this matter has furthered their motion by asking

7 that this court transfer venue to a "Proper" court. Plaintiff contends that the

8 United States Federal District Court of Southern California is the proper venue;

9 this is why the plaintiff has filed his claim herein, seeking justice, the justice

10 which would not avail itself inside of Texas, specifically Martin County. **The**

11 **defendant states that pursuant to title 28 U.S.C section 1404(a), state**

12 **that for the convenience of the parties <u>(apparently the defendant needs**

13 **to be reminded here that Mr. Alforque is a party per se and sees no**

14 **convenience leading toward his interest at all in this discourse)</u>** and in

15  the interest of "Justice" (Plaintiff only sees the particular justice Martin County

16 is interested in, "their own form of justice") the California Southern District

17 Court "**<u>must</u>**" transfer Mr. Alforque's Civil Action to Texas, translation back to

18 Martin County. The defendant addresses such factors as availability of

19 compulsory process for attendance, (plaintiff reminds this court that unlike his

20 reason, "fear for his life and well being") Martin County Officials do not have to

21 contemplate whether or not they'll remain in possession of life and limb in the

22 event of their traveling here to California, they don't have to worry whether or

23 not their lives will be placed in harms way.

1       Furthermore, defendant introduces the effect of practical problems that
2 make trial of a case easy, expeditious and inexpensive, (there are two relevant
3 issues here of which the plaintiff would like to point out, first, the plaintiff has
4 made every effort and exhausted every avenue, as plaintiff will show in his
5 opening brief to the court, to resolve matters as they relate to this case and
6 Martin County has cost the plaintiff an insurmountable allotment of time and a
7 grotesque amount of money. This would seemingly indicate that Martin County
8 has no respect or care for time nor cost of money of any other person or entity
9 unless it benefits their crass and corrupt measures and means of dealings.
10      The plaintiff, in his opening brief to the court, will show that he exhausted
11 every measure to reach a resolution in this matter, and in so doing, that Martin
12 County Court was as uncooperative as to insinuate that their court possesses
13 their own standard and rule of law and justice outside those set down,
14 prescribed and administered by the laws of our land, hence this giving privy to
15 the indictment of applying any **"tolling rule"** of which the defendant claims to
16 be an issue toward its assumption of causes of action. The defendant
17 purports that these things have "run a muck" per se and no longer are within
18 statute of limitation.
19      **"Notes"**
20      Note to the court, the defendant states, "plainly the facts do not show that
21 this lawsuit arose out of any contacts or activity that the county purposefully
22 directed toward the forum state of California.
23      The plaintiff is aware that his complaint clearly specifies that the damages

4

1 sought stem from Martin Counties actions as they apply to plaintiffs inability to

2 obtain work in California, in his profession as a Class A Truck Driver, due to

3 Martin Counties issuance a report, circulated not just in California, but

4 Nationwide, alerting agencies which delegate a drivers ability to operate and

5 conduct his business inside and outside his home state. This same scenario

6 took place in regard to the plaintiff's ability to possess a Realtors License within

7 the State of California. In fact, plaintiff purports that Martin County, under the

8 guise of discriminatory tactics, intentionally issued this report even after it

9 became evident that the plaintiff was innocent as the plaintiff will submit in his

10 opening brief to the court.

11   Furthermore, the defendant state, "the county does not have any office or

12 other facility in California, and it does not have any official employee's,

13 agents, or representatives who work, reside, or maintain offices in California."

14 Plaintiff recognizes the law firm Sandler, Lasey, Laube, Byer, and Valdez,

15 LLP, which are on the face of defendants Motion and Pleadings represented

16 as the Attorney In Fact for the defendants. This makes it clearly evident that

17 the defendants are in no way cognizant of their lucid behavior, running

18 rampant to say any and everything to sway and derail this action brought

19 before the proper venue of which it should be litigated and tried.

20   Does the defendant presume that the plaintiff, with no job due to the

21 actions of the defendant, no money, this also due to the actions of the

22 defendant, could achieve the same suitable representation in the forum of

23 which the defendant most likely possesses "friends of the court?" If the

1   plaintiff is to have a fair, equitable and level chance of presenting his

2 case, the venue, which seems to be at issue and of extreme importance to the

3 defendant, should remain here within the Southern District Court of California.

4 **"Summary"**

5   Plaintiff contends that the defendant is uncouth and the defendant's only

6 predisposition is to set this court off balance most notably exhibited by the

7 efforts to introduce vague, ambiguous, untactful versions of ill conceived truths

8 and commentary of events. In fact, the only real evidence within the defendants

9 pleadings stand to hurt their defense rather than help them before a jury trial.

10 The plaintiff reminds the court that the defendant fails to remember that this is

11 a Federal Forum not State, an the laws within encompass the entirety of this

12 nation not just Martin County, Texas, this seems to be a problem for the

13 defendant as exhibited in their relishing to the fact that this action stemmed

14 from events which took place in Martin County, not San Diego, County, this

15 argument has no barring in Federal Court.

16   **Plaintiff request to orally argue motion for default.**

17

18                                                            Signed,

19                                                            Casiano N. Alforque,

20                                                            **Pro Per/se**

21                                                            07/28/08

22

23                                                            **Plaintiff in Action.**