1

Casiano N. Alforque

P.O. Box 84564

San Diego, Calif. 92138
619-408-9932

**NUNC PRO TUNC**

AUG - 8 2008    **FILED**

08 AUG 15 AM 11: 25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                                    DEPUTY

**United State District Court of California
Southern District of California**

| | |
|---|---|
| Casiano N. Alforque,<br>Plaintiff. | Case No.# '08 cv613-WQH (WMc) |
| | Point and Authorities<br>Submitted Nune Pro Tune to |
| vs. | Plaintiff's Response to Defendant's<br>Motion to Dismiss or Change Venue |
| Martin County, Texas,<br>Defendant. | Judge: William Q. Hayes<br>Date: 08/25/2008<br>Time: 11 AM<br>Dept: 4 |

Plaintiff is satisfied that his complaint abides by the general rules of pleading as specified <u>FRCP Rule 8. General Rules of Pleading:</u>

<u>*FRCP Rule 8. General Rules of Pleading (a) Claims for Relief. A pleading that states a claim for relief must contain:(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.*</u>

The defendant in this matter has abided by the general rule of proceeding by adamantly professing allegations of which the defendant is responsible and guilty of as noted in the plaintiff's response. These allegations follow <u>FRCP Rule 8. General Rules of Pleading;</u>

<u>FRCP Rule 8 General Rules of Pleading (b) Defenses; Admissions and Denials, (4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest. (5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.</u>

Although the defendant claims to have not filed an answer in their Motion, Many of the defendant's claims and statements resemble the facsimile of an Answer to the plaintiff's complaint and may so be construed as so by this court according to FRCP Rule 8. General Rules of Pleading;

<u>FRCP Rule 8 General Rules of Pleading (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency. (1) In General. Each allegation must be simple, concise, and direct. No technical form is required. (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. (3)Inconsistent Claims or</u>

*Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.*

Plaintiff contends that the defendant's Motion before an Answer to plaintiff's complaint doe's not serve the interest of justice, as purported by the defendant, according to the FRCP Rule 8. General Rules of Pleading;

*FRCP Rule 8 General Rules of pleading (e) Construing Pleadings. Pleadings must be construed so as to do justice.*

Furthermore, the plaintiff brings to the attention of the court that, the defendant, in so raising the question of the validity of the plaintiff's claim, precisely, questioning the basis of the claim has created a question as to the validity of the statute which the plaintiff complaint stems from as described in FRCP Rule 5.1. Constitutional Challenge to a Statute - Notice, Certification, and Intervention;

*FRCP Rule 5.1. Constitutional Challenge to a Statute - Notice, Certification, and Intervention (a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if: (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or(B) a state statute is*

*questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned — or on the state attorney general if a state statute is questioned — either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.*

The plaintiff contends that the defendant did not follow the rules in this instance and therefore has not thoroughly and accurately fulfilled the requirements of which their Motion can be heard and thereby confirmed within this jurisdiction.

The defendant sets forth an issue concerning tort damages. The defenition of a Tort, according to FRCP, is defined as A civil wrong which can be redressed by awarding damages. *See, e.g. **Smith v. United States, 507 U.S. 197 (1993).*** Among the types of damages the injured party may recover are: loss of earnings capacity, pain and suffering, and reasonable medical expenses. They include both present and future expected losses. There are numerous specific torts including **trespass**, **assault**, **battery**, **negligence**, **products liability**, and **intentional infliction of emotional distress**.

The tort of intentional infliction of emotional distress has four elements: **(1) the defendant must act intentionally or recklessly; (2) the**

**defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress.**

Plaintiff contends that he can prove emotional distress inside his case intensionally enflicted by the defendant of which was extremely drastic on defendant's part.

Plaintiff's complaint is in conformity with the frcp pleadings and motions rule 9. Pleading special matters;

*FRCP PLEADINGS AND MOTIONS Rule 9. Pleading Special Matters (a) Capacity or Authority to Sue; Legal Existence. (1) In General. Except when required to show that the court has jurisdiction, a pleading need not allege: (A) a party's capacity to sue or be sued; (B) a party's authority to sue or be sued in a representative capacity; or (C) the legal existence of an organized association of persons that is made a party.*

Defendant contends that in the event that the plaintiff, in fact, needed to amend his complaint that he would not be justified in doing to according to FRCP. Plaintiff contends that, accordingly, the *FRCP, Judgments, Rule 15;*

*FRCP, Judgments, Rule 15. Amended and Supplemental Pleadings (a) Amendments before Trial. (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course: (A) before being served with a*

*responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar,* Plaintiff, if so necessary, is well within his statutory rights to do so;

Plaintiff contends that the defendant, as shown above, in regard to rule 5.1, and defendant's failure to answer plaintiff complaint in the time reserved for answering said complaint, is in default in accord with the FRCP, Judgments, Rule 55;

*FRCP, Judgments, Rule 55. Default; Default Judgment (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.*

Plaintiff is well within right to file for Summary Judgment on part of the claim of which defendant has admitted guilt to in their Motion before the answer as specified in FRCP, JUDGMENT, Rule 56;

*FRCP, JUDGMENT, Rule 56. Summary Judgment (a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all **or part of the claim**. The motion may be filed at any time after: (1) 20 days have passed from commencement of the action; or (2) the opposing party serves a motion for summary judgment.*

The defendant admits to false arrest and or malicious prosecution, as well as violations of the plaintiff's due process rights. The defendant uses rule 32, equitable tolling rule, the plaintiff, in his opening brief, shall show that this rule is in favor of the plaintiff as opposed to the notion that this rule disfavors the plaintiff as the defendant would have the court believe.

## EQUITABLE TOLLING AVAILABLE IN RULE 32 CASES
### May 31, 2007

*The Alabama Supreme Court, in Ex parte Ward, No. 1051818, 2007 WL 1576054 (Ala. June 1, 2007),* held as a matter of first impression that the one-year statute of limitations for filing a Rule 32 petition is not a jurisdictional bar and the doctrine of equitable tolling is available to permit filing outside the one-year period in extraordinary cases.

The Alabama Supreme Court's decision details John Michael Ward's years-long effort to find a lawyer who would file a Rule 32 petition on his behalf. As the court points out, Mr. Ward has been represented by nine different lawyers throughout his direct appeal, Rule 32, and federal habeas proceedings. The lawyer appointed to file his Rule 32 petition never filed the petition and was suspended from the practice of law. Another lawyer hired by Mr. Ward's family to file a Rule 32 petition instead filed a federal habeas petition.

**While Mr. Ward sought unsuccessfully to find competent counsel, (As is the case of the plaintiff in this matter, Casiano N. Alforque vs. Martin County, Texas) his limitations period for filing a Rule 32 petition expired.** A lawyer then filed a Rule 32 petition raising only claims of ineffective-assistance-of-counsel. The State moved to dismiss the petition and Mr. Ward filed a pro se motion for leave to amend his petition. The trial court dismissed the petition as untimely on December 19, 2005, and a notice of appeal was filed. On January 10, 2006, the trial court granted Mr. Ward's motion for leave to amend. The Court of Criminal Appeals held that the trial court erred in granting the motion for leave to amend and, without an opinion, affirmed the summary dismissal of Mr. Ward's petition.

The Alabama Supreme Court granted certiorari to consider whether the Court of Criminal Appeals erred in holding that the trial court had no power to grant a motion to amend filed after the entry of judgment and whether the limitations period in Rule 32.2(c) is jurisdictional – and if not, whether the court should adopt the doctrine of equitable tolling. Because it found that Mr. Ward sought to present new information in his motion to amend – not to have previously presented information reconsidered – the Alabama Supreme Court held that the trial court could not have construed the motion to amend as a motion for reconsideration and, therefore, affirmed the Court of Criminal Appeals as to the first issue.

**Statute of Limitations is Not Jurisdictional**

Regarding the statute of limitations, the Alabama Supreme Court agreed with Mr. Ward that interpreting *Rule 32.2(c) as establishing a jurisdictional bar prohibiting untimely petitions violates Art. VI, § 150 of the Alabama Constitution of 1901, which in empowering the Alabama Supreme Court to promulgate court rules, specifically provides that any such rule "shall not . . . affect the jurisdiction of circuit and district courts."* Accordingly, the court held that the limitations provision of Rule 32.2(c) is an affirmative defense and not a jurisdictional bar.

The court noted that, as an affirmative defense, the limitations provision may be waived by the State and may be raised by an appellate court sua sponte "only in extraordinary circumstances." *Id.* at 7 n.5. However, the State raised the limitations defense in Mr. Ward's case, which led the court to address whether equitable tolling was available.

**Equitable Tolling**

The court held that equitable tolling is available "in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence." *Id.* at 8. It recognized that "the consequences of error are terminal" in a capital case and therefore focused on whether "principles of equity would make the rigid application of a limitation period unfair" and "whether the **petitioner has exercised reasonable**

**diligence in investigating and bringing the claims."** *Id.* (internal quotations omitted).

The court nonetheless emphasized that the equitable tolling threshold is very high and made clear that, when a petition is time-barred on its face, the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of equitable tolling. The court concluded that "[a] petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed without a hearing." *Id.* at *9 (citing Ala. R. Crim. P. 32.7(d)).

The court's ruling in *Ex parte Ward* makes clear that, while available in theory, the equitable tolling doctrine will be applied exceedingly rarely and is no substitute for filing a timely Rule 32 petition. The court reversed and remanded "for further proceedings consistent with this opinion" but did not decide whether the extraordinary circumstances present in Mr. Ward's case merit equitable tolling, which taken together with the applicable of equitable tolling in the federal habeas context demonstrates how difficult it will be for a petitioner to trigger equitable tolling to excuse an out-of-time Rule 32 petition.

Signed,

Casiano N. Alforque,
Plaintiff.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CASIANO N ALFONSO )   NO. 08 CV 613 WQH WMC
      Plaintiff )
)   DECLARATION OF SERVICE
vs. )
)   Person served:
)
MARTIN COUNTY TEXAS )   Defendants Attorney of Record
)   Mr. Byers
)   Date served:
      Defendant )
)   08-08-08

I, The undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

Points & Authorities to Plaintiff Response

In the following manner: (check one below)

1) ✓ By personally delivering copies to the person served.

2) ___ By leaving, during usual office hours, copies in the office of the person served with the who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3) ___ By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his/her office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) ___ By placing a copy in a separate envelope, with postage fully prepaid, for **each address named below** and depositing each in the U.S. Mails at San Diego, Ca on _____.

Executed on Aug 8, 2008 at San Diego, California