# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASIANO N. ALFORQUE,<br><br>                         Plaintiff,<br>vs.<br>MARTIN COUNTY, TEXAS,<br>                        Defendant. | CASE NO. 08cv0613 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss or Transfer Venue (Doc. #6) filed by Defendant Martin County, Texas.

## **Background**

    Plaintiff Casiano N. Alforque ("Plaintiff") is a resident of California. Defendant Martin County, Texas ("Defendant") is a political subdivision of Texas.

    On April 3, 2008 Plaintiff initiated this action by filing the Complaint (Doc. #1). The Complaint alleges that in 2005, Plaintiff was stopped by a "Texas state trooper" while driving on State Highway 20 in Martin County, Texas. *Complaint,* p. 1. The Complaint alleges that the trooper told Plaintiff he had been spotted swaying back and forth over the divided highway line, as if to be drunk or falling asleep. *Id.* The Complaint alleges that the trooper then searched the glove box of the vehicle Plaintiff was operating and discovered prescription bottles for the drug Lortrab and the drug Penicillin containing 8 and 11 pills respectively. *Id.* at 2. The Complaint alleges that Plaintiff told the trooper that he had valid prescriptions for

both drugs, but that the troopers did not investigate his claim, allow Plaintiff or Plaintiff's wife, who was a passenger in the vehicle, to retrieve the prescription from a briefcase in the trunk of the vehicle, or look on the prescription bottle to verify the drugs were prescribed to Plaintiff. *Id.* The Complaint alleges that Plaintiff was treated in this manner "almost solely because plaintiff is African American and is between 20 and 35 [years of age]." *Id.* at 3. The Complaint alleges that Plaintiff was a victim of racial profiling. *Id.* The Complaint alleges that Plaintiff is unable to "practice his trade" and to possess a California real estate license as a result of Defendant's unlawful conduct. *Id.* at 4. Plaintiff seeks damages of $500,000 for loss of income and mental anguish. *Id.* The Complaint alleges causes of action for false arrest, malicious prosecution, intentional infliction of emotional distress, libel and civil rights violations.

On July 21, 2008, Defendant filed the Motion to Dismiss the Complaint. The Motion to Dismiss asserts that Defendant does not have contacts with California to support personal jurisdiction over Defendant; that the Complaint fails to state a claim against Defendant for either false arrest or malicious prosecution; and that venue is improper in California because Defendant does not reside in California and the actions alleged in the Complaint took place solely in Martin County, Texas. Defendant moves to dismiss the Complaint on grounds that the Court lacks personal jurisdiction over Defendant, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, that the Complaint fails to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that venue is improper, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. (Doc. #6).

On July 31, 2008 Plaintiff filed the Response to the Motion to Dismiss or Transfer Venue. (Doc. #9). Plaintiff opposes the Motion to Dismiss on grounds that this Court has personal jurisdiction over Defendant, and that the Southern District of California is a proper venue. *Id.*

///
///
///

## Standard of Review

On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Farmers Ins. Exchange v. Portage La Prarie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir. 1990). Where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to satisfy this burden. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1108 (9th Cir. 2002). While the plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true. *AT&T v. Campagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.; see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal."). "[I]f a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977). When a complaint alleges multiple causes of action, the plaintiff must demonstrate that the court has personal jurisdiction over the defendant with respect to each cause of action. *Id.* at 1287. "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

## Discussion

Defendant contends that Plaintiff's arrest and the initiation of criminal charges against Plaintiff do not bear any relation to California, and that "all the harm that the County would know was likely to be suffered by [Plaintiff] was also [] while he was in Texas." *Mot. to Dismiss*, p. 5. Defendant states: "[T]he facts do not show that this lawsuit arose out of any contacts or activity that the County purposefully directed toward the forum State of California.

1  To the contrary, it arose out of activity that occurred solely in Texas." *Id.* at 6.  Defendant
2  therefore contends that no basis exists for this Court's exercise of personal jurisdiction over
3  Defendant.  Should the Court find personal jurisdiction exists over Defendant in California,
4  Defendant requests the Court transfer the case to a Texas on grounds that most of the witnesses
5  reside in Texas, jurors in Texas would have a better connection with the subject matter of the
6  case as the underlying incident took place in Texas, and a federal court in Texas would be
7  more familiar with Texas law, which would be applied in the case.  *Id.* at 19-20.
8      Plaintiff responds that he

> is aware that his complaint clearly specifies that the damages sought stem from Martin Counties actions as they apply to plaintiffs inability to obtain work in California, in his profession as a Class A Truck Driver, due to Martin Counties issuance a report, circulated not just in California, but Nationwide, alerting agencies which delegate a drivers ability to operate and conduct his business inside and outside the home state. This same scenario took place in regard to the plaintiff's ability to possess a Realtors License within the State of California.

13  *Opposition,* p. 4-5.  Plaintiff contends that Texas would be an improper venue because Plaintiff
14  fears for his safety in Martin County, does not believe he could obtain justice in Martin County
15  and would be inconvenienced by a trial in Martin County.  *Id.* at 3.
16      In a case based on diversity of citizenship, a federal court has the power to exercise
17  personal jurisdiction over a nonresident defendant if "an applicable state rule or statute
18  potentially confers personal jurisdiction over the defendant," and the "assertion of such
19  jurisdiction accords with constitutional principles of due process."  *Data Disc, Inc.,* 557 F.2d
20  at 1286.  California's long-arm statute permits the exercise of personal jurisdiction "on any
21  basis not inconsistent with the Constitution of the United States."  Cal. Civ. Pro. Code §
22  410.10. Due process requires that the defendant have such "minimum contacts" with the forum
23  state that the exercise of jurisdiction over the defendant does not offend "traditional notions
24  of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316
25  (1954).
26  ///
27  ///
28  ///

A court exercises specific personal jurisdiction over a defendant where the claim arises out of or has a substantial connection to the defendant's contact with the forum[1]. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Menken v. Emm,* 503 F.3d 1050, 1057 (9th Cir. 2007).

### A. Purposeful Availment

The first prong of the personal jurisdiction analysis "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Menken,* 503 F.3d at 1057. Purposeful availment may be satisfied by a defendant "'whose only 'contact' with the foreign state is the 'purposeful direction' of a foreign act having effect in the forum state.'" *Dole Food Co.*, 303 F.3d at 1111 (quoting *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986). The Ninth Circuit has stated that "[i]n tort cases, we typically inquire whether a defendant purposefully directs his activities at the forum state, applying an effects test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Menken,* 503 F.3d at 1057 (internal quotations and citations omitted). The "effects test" imposes three requirements: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing

---

[1] A court can also exercise general personal jurisdiction if the defendant's contact with the forum is "substantial, continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414-15 (1984). Defendant asserts that it does not have a presence in California, employees in California or any regular conduct with California. *Mot. to Dismiss*, pp. 6-7. Plaintiff has not alleged or submitted evidence to show Defendant has substantial, systematic and continuous contact with California. The Court finds that Plaintiff has not made a prima facie showing that the Court has general personal jurisdiction over Defendant.

1  harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 1058 (internal
2  quotations omitted).
3        The parties do not dispute that the stop, search and arrest of the Plaintiff took place
4  entirely within Martin County, Texas. *Compl.*, p. 5. The parties do not dispute that the
5  initiation of charges by Defendant took place entirely within Texas and solely involved
6  Plaintiff's conduct while in Texas. Although the officer who arrested Plaintiff or the person
7  who initiated charges against Plaintiff may have known Plaintiff was a resident of California,
8  this alone is insufficient to give rise to personal jurisdiction. The Court concludes that Plaintiff
9  has failed to make a prima facie showing that the actions surrounding his arrest or the initiation
10 of criminal charges against him were intended to have effect anywhere other than Texas.
11 Plaintiff asserts that Defendant's "issuance a report, circulated not just in California, but
12 Nationwide" resulted in "plaintiffs inability to obtain work in California, in his profession as
13 a Class A Truck Driver . . . and [in]ability to possess a Realtors License within the State of
14 California." *Opposition,* p. 4-5. Plaintiff, however, has not made a prima facie showing that
15 Defendant's actions involving the "report" were purposely directed or expressly aimed at
16 California, or that Defendant's actions individually targeted Plaintiff in California. Plaintiff's
17 vague reference to the "report" in his Response is insufficient to satisfy his burden of
18 establishing personal jurisdiction over Defendant. The Court concludes that Plaintiff has failed
19 to satisfy the first prong of the personal jurisdiction analysis because he failed to make a prima
20 facie showing that Defendant purposefully directed its activities at California.
21     B.    <u>Relatedness</u>
22       Under the second prong, the plaintiff's claim must arise out of or relate to the
23 defendant's forum-related conduct. The Ninth Circuit follows the "but-for" test, where the
24 plaintiff must "show that he would not have suffered an injury but for [the defendant's] forum-
25 related conduct." *Menken,* 503 F.3d at 1058. Plaintiff has failed to make a prima facie
26 showing that he would not have suffered an injury but for Defendant's California-related
27 conduct because, as previously discussed, Plaintiff has failed to show that Defendant directed
28 its conduct at California. The Court concludes that Plaintiff has failed to satisfy the second

prong of the personal jurisdiction analysis.

### C. <u>Reasonableness</u>

Under the third prong, the court analyzes whether the exercise of jurisdiction would be reasonable. The Ninth Circuit analyzes seven factors:

> (1) the extent of the defendants' purposeful interjection in the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Menken,* 503. F.3d at 1058. The defendant "bears the burden of overcoming a presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-72 (1985).

The first factor in the reasonableness analysis weighs in favor of Defendant because Plaintiff has not shown that Defendant interjected itself into this forum. The second factor weighs in favor of Defendant because Defendant does not have any offices, officials, employees, agents or representatives residing in California, and will bear a substantial burden litigating this matter in California. *Mot. to Dismiss*, p. 8. The Court notes, however, that "'with advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past.'" *Menken,* 503 F.3d at 1060 (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004)). The third factor is neutral because there is no indication that litigating in this forum will conflict with the sovereignty of Texas. *See Tuazon v. R.J. Reynolds Tobacco*, 433 F.3d 1163, 1177 (9th Cir. 2006) ("this factor often involves conflict with the sovereignty of foreign nations"). The fourth factor weighs slightly in favor of Plaintiff because California has an interest in "protecting its citizens from the wrongful acts of non resident defendants." *See Ziegler v. Indian River County*, 64 F.3d 470, 475 (9th Cir. 1995). The fifth factor weighs in favor of Defendant because the majority of the witnesses will likely be located in Texas as the allegations giving rise to Plaintiff's claim took place in Texas. *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1489 (9th Cir. 1993) (citing *Sinatra v. Nat'l Inquirer, Inc.*, 854 F. 2d 1191, 1200

(9th Cir. 1988) ("In evaluating this factor we have looked primarily at where the witnesses and the evidence are likely to be located."). The sixth factor is neutral because although Plaintiff is a California resident, "[a] mere preference on the part of the plaintiff for its home forum does not affect the balancing." *See Core-Vent Corp.*, 11 F.3d at 1490. The seventh factor weighs in favor of Defendant because Plaintiff has not demonstrated that an alternative forum, for example a federal court in Texas, cannot provide Plaintiff with the same relief available in California. *See Core-Vent Corp.*, 11 F.3d at 1490 (holding that the plaintiff bears the burden of proving that an alternate forum is unavailable). After weighing the reasonableness factors, the Court concludes that Defendant has made a compelling case that jurisdiction would be unreasonable. The Court concludes that Plaintiff has failed to satisfy the third prong of the jurisdictional analysis.

### D.  Conclusion

The Court concludes that Plaintiff has failed to satisfy his burden of establishing personal jurisdiction over Defendant because Plaintiff has failed to make a prima facie showing that Defendant purposely availed itself to the forum state, and that his damages arise from Defendant's forum related activities; and Defendant has demonstrated that it would be unreasonable to exercise jurisdiction in the forum state.

28 U.S.C. §§ 1406(a) and 1631 grant a court discretion to transfer a case to a district that would have jurisdiction if in the interest of justice. Plaintiff, however, has not requested that the Court transfer the case should it find it lacks personal jurisdiction over Defendant. Plaintiff also does not assert that he will be prejudiced if the action is dismissed instead of transferred. The Court concludes it is not in the interest of justice to transfer the case.

### **Conclusion**

The Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 6) is **GRANTED.** The above-captioned action is **DISMISSED without prejudice.**

DATED: October 23, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge